IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BRIAN JAMES GIBSON ) | Case No. 10-23035 |
| & JENNIFER RENEE GIBSON ) | |
| ) | |

### FIRST AMENDED CHAPTER 13 PLAN

DEBTORS' ATTY:   COLIN N. GOTHAM of Evans & Mullinix, P.A.
                 Kansas Supreme Court #19538

DEBTOR:          Brian J. Gibson      SS#  xxx-xx-3993
                 Jennifer R. Gibson   SS#  xxx-xx-5750

ADDRESS:         1018 N. Buchanan, Olathe, KS 66061

Debtor(s) propose:

1.      **PLAN PAYMENT**: $1,700.00 per month.

The Plan Payment shall be made by directly by Debtor.

Debtor is required to make the first plan payment within 30 days of the date of filing of the bankruptcy petition.  If Debtor has requested that plan payments be made via income withholding order but such funds have not been withheld at that time, Debtor shall make all interim plan payments directly to the Chapter 13 Trustee.

2.      **GENERAL PROVISIONS**: Based upon Debtor's Official Bankruptcy Form 22C, the Applicable Commitment Period for this Plan is 36 months.  The net result from Form 22C is $0.00, which multiplied by the ACP 36 = $0.00, the amount required to be paid to unsecured creditors per Form 22 C. Debtor reserves the right to extend the Plan length up to 60 months.  The amount proposed to be paid through this Plan for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.

**IT IS NOT ANTICIPATED THAT THERE WILL BE FUNDS PAID TO GENERAL UNSECURED CREDITORS THROUGH THIS PLAN.**

3.      **ADMINISTRATIVE:** Proposed pre-confirmation debtor's attorney fees are $3,000.00.  The Debtor has paid $0.00 direct to the attorney.  $3,000.00 will be paid to the attorney over approximately 24 months, to the extent possible.  Debtor has proposed equal monthly installments to be paid to certain creditors.  Once the attorney fees are paid, those funds that were designated for attorney fees will be paid pro rata to secured creditors, in

addition to the proposed fixed monthly payment.  The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by him.  Counsel for Debtor reserves the right to submit additional fee applications, either on a time and charges basis or for specific tasks.  The Debtor consents to such increases in plan payments as may be necessary to pay such additional payments.

       **FILING FEE:**  The filing fee of $274.00 has been paid by Debtor(s).

**4.     TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY.**  If the Debtors are owed a tax refund on the date of filing, the Debtors hereby assign and transfer to attorney all interest in and to any claims for refunds of State and Federal income taxes over withheld or overpaid during the relevant taxable year to the extent of attorneys fees.  The Debtors agree to deliver to Assignee, COLIN N. GOTHAM, any tax refund checks received for the taxable year.  Assignee shall retain from such refund checks the amount of his unpaid fees for legal services rendered in this case and, if greater than the amount currently owing, as allowed by the Court.  Assignee shall distribute any excess sums to the Trustee.  In the event the refunds are paid to the Trustee directly by the Debtors, the Trustee shall distribute to the Assignee sufficient sums from the refund to fully satisfy any unpaid attorney fees.

**5.     TAX RETURNS**:  Federal and state tax returns for the preceding four (4) years have been filed.  Debtor will timely file all tax returns during the pendency of this case.

**DOMESTIC SUPPORT OBLIGATIONS:**  The Debtors do not owe a domestic support obligation.

**6.     PRIORITY TAX CLAIMS**:  Debtor shall pay all allowed priority claims under 11 U.S.C. 507, without post petition interest.  Debtor estimates that the IRS is owed $0.00 and the State of Kansas is owed $0.00.  Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor for those taxes except the IRS debt is not discharged to the extent provided by 11 U.S.C. 1328(a).  Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim.  Unless objected to, the claim shall be deemed allowed.  (Certain tax claims may be secured and will be treated accordingly, if such exists).

**7.     PROPERTY TO BE SURRENDERED**:  The following property will be surrendered as indicated:

| **Property:** | **Creditor with secured claim in the property:** |
|---|---|
| *N/A* | |

   Any Creditor seeking to repossess / foreclose the collateral described in this section prior to confirmation must seek and obtain an order from the Court granting relief from the automatic stay, unless the automatic stay no longer applies under 11 U.S.C. 362(c).  30 days after the Plan confirmation, the automatic stay will be deemed lifted for the collateral

identified above for surrender and the Creditor need not file a motion to lift stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to lift any applicable co-Debtor stay or to abrogate Debtor's state law contractual rights. Unless specifically otherwise indicated, Creditors with a security interest in collateral to be surrendered shall be allowed to file a general unsecured deficiency claim.

**8.     REAL ESTATE MORTGAGES:**  (Choose one.)

☐ Debtor has no real estate mortgage debt.

☐ Debtor is current on the following real estate mortgage obligations and shall continue to make ongoing payments direct to the real estate mortgage creditor. In the event Debtor becomes delinquent on such obligations after the bankruptcy petition date, Debtor shall make future ongoing payments through the Plan pursuant to Standing
 Order 08-1 and comply with all provisions thereof.

| Mortgage Company | Mo. Pymt Amt. | Est. Arrears | Est. Total Debt |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

*XX*  Debtor is in arrears on the following real estate mortgage obligations and shall pay arrearages and ongoing post-petition real estate mortgage payments through the Plan (conduit payments) pursuant to Standing Order 08-1 and comply with all provisions thereof. The first post-petition ongoing mortgage payment through the Plan will begin with the September 2010 payment, which is the third mortgage payment due after the filing of the petition. The first two (2) monthly post-petition mortgage payments that come due prior to the commencement of regular ongoing mortgage payments shall be paid as an administrative expense. At the completion of the Plan, Debtor shall resume monthly mortgage payments directly to the real property creditor pursuant to the terms of the mortgage contract.

| Mortgage Company | Mo. Pymt. Amt. | Est. Arrears | Est. Total Debt |
|---|---|---|---|
| *Chase Home Finance* | *$1,450.00* | *$5,000.00* | *$168,201.55* |
|  |  |  |  |

Unless specifically controverted herein or by an objection to the claim, the amounts contained in the real property creditor's allowed Proof of Claim shall control, and the amounts listed here are estimates. No disbursements shall be made until a Proof of Claim is filed.

Interest shall not be paid on the pre-petition arrearage. If Debtor pays the arrearage, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the real property creditor to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

If Debtor has made all payments required under the Chapter 13 Plan, the Chapter 13 Trustee shall file a motion seeking an order of the Court determining that all pre-petition and/or post-petition defaults on Debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of plan completion are current, with no arrearage, no escrow balance, late charges, costs or attorney fees owing, except to the extent that the Court orders otherwise.

**9.    NON-REAL ESTATE SECURED CREDITORS**:  All non-real estate secured creditors shall retain their liens pursuant to 11 U.S.C. 1325(a)(5) and shall release their liens on the collateral at discharge.

All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g).  A Proof of Claim must be on file before adequate protection payments will be disbursed.   Any adequate protection payments made pre confirmation shall be credited against the allowed principal secured portion of the creditor's claim.  If no adequate protection payment is specified, Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make monthly payments under the Plan, and for the Trustee to disburse as soon as is practicable.  If confirmation is delayed, Debtor will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed when appropriate.

The proposed monthly payments are estimates.   The amounts may be adjusted up or down by the Trustee, in his discretion, as is necessary to make the plan feasible and to pay the secured creditors as required.  Debtor reserves the right to increase payments to the secured creditors beyond the estimated equal monthly payment amount, as Debtor may be willing and able to pay.  For vehicles, please specify the make, model, year, mileage and condition and the method used for determining value.  The following subsections (A, B, and C) address non-real estate mortgage secured creditors:

   A.  **GENERAL SECURED CREDITORS:**  The following are general secured creditors and shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount / "Till" rate (Prime plus 1.5%).   The Plan shall determine the value of the collateral.

| Creditor | Collateral | Claim Amt. | Value | EMA |
|---|---|---|---|---|
| *Nebraska Furniture Mart* | *Furniture* | *$357.66* | *$400.00* | *Pro rata* |

   B.  **910 CAR LOAN SECURED CREDITORS:**  The following are "910" creditors as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition.  Debtor proposes to pay the following 910 Creditors in full plus the current discount / "Till" rate (Prime plus 1.5%).  Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| Creditor | Collateral | Claim Amt. | EMA |
|---|---|---|---|
| *N/A* | | | *Pro rata* |
| | | | *Pro rata* |

    C. **ONE-YEAR LOAN CREDITORS**: The following are "one-year loan" creditors, as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in personal property, other than a motor vehicle acquired for the personal use of the Debtor, for debts incurred within one-year preceding the filing of the bankruptcy petition. Debtor proposes to pay the following "one-year loan" creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| Creditor | Collateral | Claim Amt. | Value | EMA |
|---|---|---|---|---|
| *N/A* | | | | *Pro rata* |

**10. LIEN AVOIDANCES**: Debtor will seek to avoid the following liens under 11 U.S.C. 522(f) by the filing of an appropriate motion:
*N/A*_____.

**11. SPECIAL CLASS CREDITORS**: Special Class Creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by Form 22C or the liquidated value of the estate per the "Best Interests of Creditors Test".
*N/A*_____.

**12. STUDENT LOAN OBLIGATIONS.** Debtor proposes that any funds available after disbursement for the allowed attorney fees, priority and secured claims will be paid towards allowed student loan claims pro rata. After the Plan has been completed, Debtor understands that he will need to continue to make payments until the student loan obligation has been satisfied to the extent that said claims are valid. Debtor is aware that interest will continue to accrue post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of the debt and prevails on the merits.

| Creditor | Est. Amt. of Debt |
|---|---|
| *N/A* | |

**13. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**: Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made by the Debtor direct to the creditor, unless otherwise specified.

**14. PLAN AMENDMENTS**: Debtor hereby reserves the right to modify this Plan pursuant to 11 U.S.C. 1329 and to include post-petition debt pursuant to 11 U.S.C. 1322(b)(6).

**15. GENERAL UNSECURED CREDITORS**: General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form 22C or through the satisfaction of the "Best Interests of Creditors Test" pursuant to 11 U.S.C. 1325(a)(4), whichever is higher.

**16. "BEST INTERESTS OF CREDITORS TEST"**: Pursuant to 11 U.S.C. 1325(a)(4), the liquidation value of Debtor's nonexempt property is $4,000.00. This amount is included in the monthly Plan payment Debtor proposes above in Paragraph 1.

**17. PROPERTY OF THE ESTATE**: In addition to the property specified in 11 U.S.C. 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

**18. EFFECT OF CONFIRMATION: ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.** If a creditor files a secured claim that is not provided for in the Plan, the claim shall be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties. All property of the estate will revest in the Debtor(s) at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. 1322(b)(9). **ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

Confirmation of the Plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. 1322 and 1325, and that Debtor shave fulfilled all of their pre-confirmation obligations under 11 U.S.C. 521.

Dated: September 29, 2010        Debtor: /s/ Brian J. Gibson
                                         Brian J. Gibson


                                 Debtor: /s/ Jennifer R. Gibson
                                         Jennifer R. Gibson


*/s/ Colin N. Gotham*
COLIN N. GOTHAM, KS #19538
Evans & Mullinix, P.A.
7225 Renner Rd., Ste. 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 fax
Attorney for Debtor(s)